# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FT. MYERS DIVISION

ANTONIO KIRKLAND, JR.,
as Personal Representative for
the ESTATE OF ANTONIO
KIRKLAND, on behalf of the Estate
and Survivors Amber Kirkland,
Antonio Kirkland, Jr., Antavious Kirkland,
and SANTOS McGILL,

      Plaintiffs,

v.                                       Case No 2:21-cv-00562

MARK INCH, in his Official Capacity; LT.
HECTOR C. VELASQUEZ, SGT. STEPHEN P.
BUSIC, OFFICER JAKAYE FULLER-WILCOX,
PAUL A PAVESE, JR., in their individual
capacities,

      Defendants.

_____/

## DEFENDANT PAUL A. PAVESE, JR.'S
## MOTION TO DISMISS AMENDED COMPLAINT
## AND MEMORANDUM OF LAW

Defendant PAUL A. PAVESE, JR., by and through undersigned counsel and pursuant to Rule 12, Federal Rules of Civil Procedure, hereby files this Motion to Dismiss Plaintiffs' Amended Complaint. In support thereof, Defendant PAVESE states the following:

1

## I.   <u>INTRODUCTION AND SUMMARY OF ARGUMENTS</u>

On September 27, 2021, Plaintiffs filed an Amended Complaint with this Court. Plaintiffs have brought the following claims against Defendant Paul Pavese, Jr. in his individual capacity:

- Count II - First Amendment Retaliation under 42 U.S.C. §1983.

- Count III – Excessive Use of Force/Failure to Intervene under 42 U.S.C. §1983.

- Count V – Conspiracy to Violate the Eighth Amendment under 42 U.S.C. §1983.

- Count VI – Conspiracy to Interfere with Civil Rights pursuant to 42 U.S.C. §1895(2)[1].

- Count VIII – Pre-Death Damages under Florida Survival Statute

The Plaintiffs' Amended Complaint presents a laundry list of vague, conclusory, and general allegations which fail to state a cause of action for any of the eight Counts pled, including the five directed at Defendant Pavese. The Amended Complaint contains a disorganized and often incomprehensible collection of imprecise allegations, hyperbolic claims, and unsubstantiated innuendo substituting

---

[1] Paragraph 122 asserts that Plaintiffs are entitled to damages pursuant to "42 U.S.C. §1895(2)". Defendants presume that this was intended to say "42 U.S.C. §*1985*(2)".

for legally accepted reasoning and well pled facts. For the reasons set forth herein, Defendant Pavese brings this motion to dismiss for failure to state a cause of action.

The legal conclusions in each Count in Plaintiff's Amended Complaint, specifically Counts II, III, V, VI and VIII brought against Defendant Pavese, are unsupported by any precise allegations of fact, fail to meet the requisite pleading requirement, and are improper "shotgun" pleadings.

For example, Paragraph 78 states:

> "The Defendant's conduct herein, including but not limited to their decision to 'teach lessons' to difficult inmates and to reward and promote violent abusive officers proximately caused the damages to Plaintiff"

Paragraph 80 states:

> "Defendants interfered with timely medical treatment to save Antonio Kirkland's life or failed to intervene to prevent interference, though able"

Paragraph 97 states:

> "The aforementioned parties participated in retaliation, including threats, to Santos McGill to the extent that the retaliation would likely deter a similarly situated reasonable person from exercising First Amendment rights."

This violation of pleading requirements is also substantiated by Plaintiffs' failure to assign the appropriate paragraphs in each of the eight Counts of the Amended Complaint distinguishing which actions correspond to which defendant. Instead, for each Count, Plaintiffs state that they "reallege the Common Allegations

3

as if fully set forth herein." These "Common Allegations" refer to Paragraphs 16 through 86 of the Complaint, which include a wide range of conclusory allegations apparently directed at multiple defendants, as well as unnamed individuals not named anywhere in the Amended Complaint. Most of the "Common Allegations" are completely bereft of times of day, dates, locations, and any other facts necessary to identify anyone, including the Defendants, to whom the allegation is directed.

Further, multiple Counts in the Amended Complaint impermissibly comingle individual Defendants, making it impossible to determine which specific Count is directed at which Defendant. These eight Counts therefore fail to state a claim on which relief may be granted and must be dismissed pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure.

Additionally, because Plaintiff McGill is a currently incarcerated inmate, he is required to follow the grievance procedure set forth in Section 33-103, F.A.C. prior to filing any action in this Federal Court. Given the absence of any pleading that Plaintiff McGill exhausted the administrative remedies available to him, this Court lacks jurisdiction to adjudicate any claim Plaintiff McGill has brought pursuant to the Prison Litigation Reform Act (PLRA).

With regards to the claims brought by Plaintiff Antonio Kirkland Jr., as the Personal Representative of the Estate of Antonio Kirkland, the undersigned counsel has conducted a preliminary search of court records statewide and has been unable

to locate any document appointing Plaintiff Kirkland as the Personal Representative for the Estate of Antonio Kirkland. If Plaintiff Kirkland is not the properly appointed Personal Representative, he lacks standing to bring claims in this Federal Court on behalf of the Estate of Antonio Kirkland and each claim he has brought must be dismissed accordingly.

WHEREFORE, Defendant PAUL A PAVESE JR respectfully requests this Court enter an Order dismissing Counts II, III, V, VI and VIII of Plaintiffs' Amended Complaint with prejudice.

## II.    MEMORANDUM OF LAW

### STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To survive a Rule 12(b)(6) motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For a claim to be plausible, it must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Merely offering legal conclusions or a recitation of the legal elements of a cause of action are insufficient to state a claim. *Twombly* at 555. "While legal

conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal* at 679. Claims are plausible if a plaintiff alleges facts that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal* at 678. Using a "the defendant-unlawfully-harmed-me" accusation is insufficient. *Iqbal* at 677. A complaint is also insufficient if it "tenders naked assertions devoid of further factual enhancement." *Id.*

The Court should grant a motion to dismiss unless "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 662. "Threadbare recitals of the elements of a cause of action, supported by mere conclusions, do not suffice …. [Rule 8] does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 678-79.

### A. This Court lacks jurisdiction to adjudicate Plaintiff McGill's claims pursuant to PLRA, 42 U.S.C. § 1997e(a) because Plaintiff has failed to exhaust administrative remedies.

PRLA, 42 U.S.C. § 1997e(a), requires a prisoner to exhaust all available administrative remedies before filing an action challenging prison conditions under 42 U.S.C. § 1983 for an alleged excessive use of force. "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2002). The United States Supreme Court has held that under the PLRA, the term "prison conditions" includes

any particular instances of an alleged excessive use of force. *See Porter v. Nussle*, 534 U.S. 516, 532, 122 S. Ct. 983, 992 (2002) (holding that PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.)

In Counts II, III, and V Plaintiff McGill brings claims against Defendant Pavese under 42 U.S.C. § 1983. In accordance with the Supreme Court's interpretation of the PLRA, 42 U.S.C. § 1997e(a), in *Porter,* Plaintiff McGill may not bring a § 1983 claim in Federal Court without first exhausting all available administrative remedies. *Id.*

i.   **As an inmate incarcerated in a Florida correctional facility, Plaintiff was required to follow the grievance procedure set forth in Section 33-103, F.A.C.**

The procedure set forth in Section 33-103, Florida Administrative Code provides an administrative remedy process for inmate complaints. Generally, inmates initiate the process by submitting an informal grievance within 20 days of when the incident or action being grieved occurred. *See* Sections 33-103.005 and 33-103.011(1)(a), F.A.C. If the inmate is dissatisfied with the response to the informal grievance, he can submit a formal grievance at the institutional level within 15 days of the response to the informal grievance. *See* Sections 33-103.006 and 33-103.011(1)(b), F.A.C. If the inmate is dissatisfied with the response to the formal grievance, he can file an

appeal with the Office of the Secretary within 15 days of the response to the formal grievance. *See* Section 33-103.007, F.A.C.

Therefore, in order to exhaust all administrative remedies pursuant to the administrative review process, a prisoner must: (1) file an informal grievance with a designated prison staff member, (2) file a formal grievance with the warden's office, and then (3) submit an appeal to the Secretary of the FDOC. *Chandler v. Crosby*, 379 F.3d 1278, 1288 (11th Cir. 2004) (citing Fla. Admin. Code Ann. §§ 33-103.001-103.019). Once a prisoner has completed this process, he has properly exhausted his administrative remedies.

Importantly, "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating. . . . [T]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.'" *Johnson v. Meadows,* 418 F.3d 1152, 1158 (11th Cir. 2005), (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024-25 (7th Cir. 2002)).

Plaintiff McGill's Amended Complaint does not allege he submitted a timely informal or formal grievance related to any alleged excessive use of force carried out against him at any Florida Correctional Institution. Thus in the absence of these specific allegations, Plaintiff McGill has failed to timely participate in the administrative review process to which he is entitled pursuant to section 33-103,

F.A.C., and cannot demonstrate an exhaustion of available administrative remedies prior to the filing of this action on July 6, 2021. Therefore, this Court must dismiss Counts II, II, V, and VI of the Amended Complaint pursuant to PLRA 42 U.S.C. § 1997e(a).

**B. The Amended Complaint is an impermissible "shotgun" pleading, and therefore must be dismissed pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure for failure to state a claim.**

Rule 12(b)(6) provides for dismissal of a pleading or portion of a pleading which fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint must give the defendants fair notice of what plaintiff claims and the grounds supporting said claims. *Swierkiewicz v. Sorema* N.A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).

In *Twombly*, the United States Supreme Court stated that although a complaint does not need to plead detailed factual allegations to survive a motion to dismiss for failure to state a claim, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a **formulaic recitation of the elements of a cause of action will not do.**" *Twombly* at 554-55 [emphasis added]. The Eleventh Circuit has stated that "(i)n considering a Motion to Dismiss, a court should eliminate any legal conclusions contained in the Complaint, then determine whether the factual allegations, which are assumed to be

true, give rise to relief." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1250 (11th Cir. 2010).

Throughout their Amended Complaint, Plaintiffs have brought generic, conclusory allegations that consist of naming the minimum legal elements of the claims. For example, under Count II, Paragraph 96 simply alleges:

> "Santos McGill was intentionally retaliated against or punished because of his expressed intent to give truthful testimony as to the aforementioned incident."

Paragraph 115 states:

> "All the co-conspirators committed overt acts to achieve a criminal purpose and were otherwise willful participants in collective acts to violate rights."

Paragraph 139 states:

> "To the extent any Defendant's wrongful acts are found not to have caused the death of Antonio Kirkland, those acts give rise to pre-death damages for the physical pain and mental distress caused by those wrongful acts."

These Paragraphs constitute, at best, "legal conclusion[s] couched as factual allegation[s]," which are not entitled to the presumption of truth. *Papasan v. Allain*, 478 U.S 265, 286 (1986). If the Court were to eliminate all of the legal conclusions in this Complaint in accordance with the Eleventh's Circuit's directive in *Cigna Corp.*, there would be very little left to consider.

**C. Counts II, III, V, VI, and VIII must be dismissed because each of these Counts impermissibly comingle distinct claims against multiple named Defendants into single Counts.**

Counts II, III, V, VI, and VIII are directed at multiple named Defendants and do not give Defendant Pavese proper notice of which specific allegations pertain to him. Each of these Counts simply incorporate the same 70 paragraphs of "Common Allegations" which include a wide range of allegations, many of which are inapplicable to the specific cause of action asserted under each Count.

In a case involving multiple defendants, the complaint should inform each defendant of the nature of his alleged misconduct. *Ambrosia Coal & Constr. Co. v. Morales*, 482 F.3d 1309, 1317 (11th Cir. 2007). A "complaint should contain specific allegations with respect to each defendant; generalized allegations 'lumping' multiple defendants together are insufficient to permit the defendants, or the Court, to ascertain exactly what plaintiff is claiming." *J.V. v. Duval Cty. Sch. Bd.*, 2017 WL 4226590, at 1 (M.D. Fla. Sept. 22, 2017); See also *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, (11th Cir. 1997) (describing as a "prototypical shotgun complaint" a pleading that "offered vague and conclusory factual allegations in an effort to support a multiplicity of discrimination claims leveled against 15 defendants").

Counts II, III, V, VI, and VIII, and each of the allegations of fact incorporated therein, are directed at three other Defendants in addition to Defendant Pavese. This lumping together of multiple defendants without specifying any particular action or inaction on the part of Defendant Pavese has made it impossible for Defendant

Pavese to determine what Plaintiffs are claiming. Accordingly, each of these Counts must be dismissed.

### D. Defendant Pavese is entitled to qualified immunity and all Counts directed toward him must be dismissed accordingly.

A correctional officer sued in his individual capacity "is entitled to qualified immunity for his discretionary actions unless he violated 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Black v. Wigington*, 811 F.3d 1259, 1266 (11th Cir. 2016) (quoting Case v. Eslinger, 555 F.3d 1317, 1325 (11th Cir. 2009)). This qualified immunity allows officers to exercise their official duties without fear of facing personal liability. *Alcocer v. Mills*, 906 F.3d 944, 951 (11th Cir. 2018). The doctrine protects all but the plainly incompetent or those who knowingly violate an inmate's constitutional rights. Id. *Gallashaw v. Fla. Dep't of Corr.* , No. 3:20-cv-106-J-39MCR, 2020 U.S. Dist. LEXIS 170830, at 5 (M.D. Fla. Sep. 17, 2020).

To the extent Plaintiff Kirkland sues Defendant Pavese in his individual capacity for Survival Damages in Count VIII, Plaintiff fails to state a claim upon which relief may be granted. Section 768.28(9)(a), Florida Statutes, provides that "[n]o officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function[.]" Thus, Section 768.28(9)(a) shields

Defendant Pavese from Plaintiff's attempt to hold him liable in his individual capacity for any acts related to this complaint.

Furthermore, as stated in section B of this Memorandum of Law, Defendant Pavese's ability to discern the exact allegations directed against him has been greatly inhibited by Plaintiffs' impermissible comingling of defendants and incorporation of vague, conclusory, and often irrelevant accusations into every Count of the Amended Complaint. Plaintiffs' entire basis for bringing claims against Defendant Pavese appears to be the allegations that Defendant Pavese witnessed Plaintiff McGill attacking Inmate Kirkland in their cell on July 10, 2017 and witnessed Defendant Fuller-Wilcox attempting to subdue the fighting inmates by spraying chemical agents into the inmates' cell. See Paragraphs 29 through 35, Amended Complaint.

The facts as pled in the Amended Complaint have not established that Plaintiff is alleging that Defendant Pavese personally and knowingly violated the constitutional rights of either inmate Kirkland or Plaintiff McGill. Accordingly, Defendant Pavese is entitled to qualified immunity and each of the counts directed at him must be dismissed.

**E. Count II fails to sufficiently allege a cause of action against Defendant Pavese and must be dismissed accordingly.**

Under Count II, Plaintiff McGill attempts to assert a claim against Defendant Pavese for First Amendment Retaliation. However, this Count, like the rest of the

Counts contained in the Amended Complaint, is based solely on conclusory allegations and mere recitations of the legal elements of this cause of action. As discussed in section B of this Memorandum of Law, Count II also impermissibly incorporates seventy (70) paragraphs of "Common Allegations" and comingles multiple causes of actions against separate Defendants, making the exact allegations against Defendant Pavese undiscernible.

"The core of [a retaliation claim brought pursuant to 42 U.S.C. § 1983] is that the prisoner is being retaliated against for exercising his right to free speech." *O'Bryant v. Finch*, 637 F.3d 1207, 1212 (11th Cir. 2011) (per curiam) (citation omitted), *cert. denied*, 133 S. Ct. 445, 184 L. Ed. 2d 272 (2012). Three elements must be established to support a retaliation claim: "(1) his speech was constitutionally protected; (2) the inmate suffered adverse action such that the [official's] allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action and the protected speech." *Smith v. Mosley*, 532 F.3d 1270, 1276 (11th Cir. 2008) (citation and footnote omitted). See also *Talib v. Riedl*, No. 3:14-cv-1388-J-39MCR, 2016 U.S. Dist. LEXIS 21087, at 34 (M.D. Fla. Feb. 22, 2016).

In the present Amended Complaint, Plaintiff McGill has not specified what speech is supposed to serve as the basis of this claim. In Paragraph 54, Plaintiff

McGill explicitly states that he did not write anything in response to unnamed correctional officers' requests that he sign an incident report. Throughout this Amended Complaint, Plaintiff McGill asserts that he was subject to retaliation for his "truthful testimony" regarding the death of inmate Kirkland. However, Plaintiff McGill never identifies exactly what his "truthful testimony" was, never identifies any specific individual to whom he disclosed his alleged protected speech, and never identifies the time, date, or location when and where he allegedly made the protected speech. Accordingly, Plaintiff McGill has failed to plead a viable First Amendment Retaliation claim and Count II must be dismissed.

Most egregiously, nowhere in the Complaint does Plaintiff McGill put forth any allegation of fact that he suffered any adverse action carried out by Defendant Pavese specifically. Because Plaintiff has failed to specify any action or inaction on the part of Defendant Pavese that was allegedly in retaliation for any alleged constitutionally protected speech, Count II against Defendant Pavese must be dismissed.

Even assuming *arguendo* that Plaintiff McGill has sufficiently pled the first two elements for this cause of action, he has failed to construct a coherent causal relationship between any alleged protected speech and any alleged retaliation. Plaintiff McGill's allegation is apparently that he was retaliated against after his testimony concerning the death of inmate Kirkland at Charlotte Correctional

Institution on July 10, 2017. See ¶17, Amended Complaint. However, the only alleged instances of retaliation against Plaintiff McGill supposedly occurred at correctional institutions other than Charlotte Correctional Institution. See ¶¶55 and 58, Amended Complaint. Plaintiff has not specified any date that these alleged instances occurred, and thus it is unclear if Plaintiff is even alleging that these instances occurred before or after inmate Kirkland's death on July 10, 2017.

Plaintiff has thus failed to meet the requisite pleading standard for a First Amendment Retaliation cause of action against Defendant Pavese and Count II must be dismissed pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure.

### F. Count III fails to sufficiently allege a cause of action against Defendant Pavese and must be dismissed accordingly.

Count III brings a claim against Defendant Pavese for Excessive Use of Force and Failure to Intervene. However, it is unclear which Plaintiff is bringing this claim against Defendant Pavese. Paragraph 100 of the Amended Complaint simply states that "Plaintiff is entitled to relief against Velasquez, Busic, Fuller-Wilcox, and Pavese for violation of the Eighth Amendment to the U.S. Constitution and failing to intervene, though able." As this count pertains to Plaintiff McGill, the facts as pled in the Amended Complaint do not amount to a viable claim of either Excessive Use of Force or Failure to Intervene against Defendant Pavese.

The Eighth Amendment's proscription against cruel and unusual punishment "prohibits the unnecessary and wanton infliction of pain, or the infliction of pain

totally without penological justification." *Ort v. White*, 813 F.2d 318, 321 (11th Cir. 1987). *See also Skrtich v. Thornton*, 280 F.3d 1295, 1304 (11th Cir. 2002) ("The law of excessive force in this country is that a prisoner cannot be subjected to gratuitous or disproportionate force that has no object but to inflict pain."); *Bruce v. Wade*, 537 F.2d 850, 853 (5th Cir. 1976) ("That an unjustified beating at the hands of prison officials gives rise to a section 1983 action is clear.").

The Eighth Amendment proscribes not only gratuitous uses of force—as governed by the "malicious and sadistic" standard—but also conduct that threatens the health and safety of inmates—as governed by the deliberate indifference standard. *See Danley v. Allen,* 540 F.3d 1298, 1306 (11th Cir. 2008) (explaining the different types of Eighth Amendment claims a prisoner may pursue when he alleges a prison guard harmed him).

The facts as pled in the Amended Complaint do not indicate that Defendant Pavese ignored any substantial risk of serious harm to Plaintiff McGill. Rather, the limited factual allegations indicate that Defendant Fuller-Wilcox timely intervened to break up the physical altercation between Plaintiff McGill and inmate Kirkland by administering chemical agents to subdue both inmates. Paragraph 44 indicates that this intervention succeeded in preventing Plaintiff McGill from sustaining further harm from inmate Kirkland. Paragraph 45 indicates that as soon as inmate Kirkland was cuffed, the correctional officers were able to open the cell and remove

both inmates to receive medical attention. The Amended Complaint is silent as to any specific injuries Plaintiff McGill sustained either from his physical altercation with inmate Kirkland or from the chemical agents sprayed into the cell by Defendant Fuller-Wilcox.

Therefore, the facts as pled under Count III do not indicate that Defendant Pavese either personally applied excessive force to or was deliberately indifferent to the safety of Plaintiff McGill. Rather, the facts as pled indicate that the correctional officers timely and successfully intervened to protect Plaintiff McGill from inmate Kirkland by administering chemical agents to subdue inmate Kirkland. Because Plaintiffs have failed to put forth a prima facie claim for either Excessive Use of Force or Failure to Intervene, Count III must be dismissed.

**G. The conspiracy claims brought by Plaintiff McGill are precluded by the Intracorporate Conspiracy Doctrine, and Counts V and VI must be dismissed accordingly.**

The Supreme Court of the United States specifically outlined the elements for a claim under §1985(3) in *United Brotherhood of Carpenters and Joiners of America v. Scott*, 463 U.S. 825 (1983). In arriving at its judgment, the District Court recognized that to make out a violation of § 1985(3), as construed in *Griffin v. Breckenridge*, 403 U.S. 88, 102–103 (1971), the plaintiff must allege and prove four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the

conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. *United Bhd. of Carpenters & Joiners of Am., Loc. 610, AFL-CIO v. Scott*, 463 U.S. 825, 828–29 (1983) (referring to *Griffin v. Breckenridge*, 403 U.S. 88, 102–103 (1971)).

Under Count V, Plaintiff has failed to meet the requisite pleading standard for any conspiracy cause of action against Defendant Pavese because there is no allegation of fact as to any specific action Defendant Pavese took in furtherance of any alleged conspiracy. Paragraph 115 summarily asserts "All the co-conspirators committed overt acts to achieve a criminal purpose and were otherwise willful participants in collective acts to violate rights." Paragraph 118 simply asserts that "To further the conspiracy, all co-conspirators committed overt unlawful acts and were otherwise willful participants in collective acts to violate rights." What actions on the part of Defendant Pavese Plaintiff McGill is alleging constitute overt, collective, unlawful acts to violate rights is a mystery to Defendant Pavese.

Count VI fails to meet the pleading standard for similar reasons as Count V[2]. Paragraph 122 summarily asserts that Plaintiffs are entitled to relief against Defendants for Conspiracy to Interfere with Civil Rights "by threatening and intimidating witness Santos McGill to prevent him from testifying freely, fully and

---

[2] It must also be noted that the proper statute for a claim of Conspiracy to Violate Civil Rights would be 42 U.S.C. § 1985(3), not the cited § 1895(3) in Paragraph 122 of Plaintiff's Complaint. Additionally, Paragraph 122 states that Plaintiffs are entitled to relief against unnamed "John Does 1-5".

truthfully, and injure [*sic*] him for having so testified." The Amended Complaint contains no specific allegation of fact that Defendant Pavese took any action to threaten, intimidate, or injure Plaintiff McGill because of any alleged testimony he provided concerning the death of inmate Kirkland. The narrative put forth in Paragraphs 51-54 simply states that unnamed officers requested that Plaintiff McGill sign "something that would clear the officers," "threatened to move him far away from his family," and "tried to plant a knife on him." None of these allegations appear to be directed at Defendant Pavese and there is no specific allegation of fact that Defendant Pavese even had any knowledge of any of these unnamed officers' alleged actions.

Paragraphs 55-64 allege that Plaintiff McGill was subjected to threats of violence at other correctional institutions other than Charlotte Correctional Institution, where Defendant Pavese was employed. Based on the limited information included in the Amended Complaint, it is unclear how exactly Plaintiff is attempting to construct a causal link between Defendant Pavese and any harm that allegedly befell Plaintiff McGill at institutions at which Defendant Pavese was not even present.

Regardless, the conspiracy claims brought by Plaintiff McGill are precluded by the Intracorporate Conspiracy Doctrine. The Intracorporate Conspiracy Doctrine holds that acts of corporate agents are attributed to the corporation itself, thereby

negating the multiplicity of actors necessary for the formation of a conspiracy. *Kirwin v. Price Commc'ns Corp.*, 391 F.3d 1323, 1326 (11th Cir.2004) (citing *McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1035 (11th Cir.2000) (en banc)).

"Under the intracorporate conspiracy doctrine, a corporation's employees, acting as agents of the corporation, are deemed incapable of conspiring among themselves or with the corporation," as long as the employees are acting within the scope of their employment. *Dickerson v. Alachua Cnty. Comm'n*, 200 F.3d 761, 767 (11th Cir. 2000); *Grider v. City of Auburn*, 618 F.3d 1240, 1261 (11th Cir. 2010). The Intracorporate Conspiracy Doctrine applies with equal force to public entities. *See Denney v. City of Albany*, 247 F.3d 1172, 1190 (11th Cir. 2001); *Dickerson*, 200 F.3d at 768. *Steffens v. Nocco*, No. 8:19-cv-01940-KKM-AAS, 2021 U.S. Dist. LEXIS 50013, at 8 (M.D. Fla. Mar. 17, 2021)

Because the Amended Complaint contains no allegation of fact identifying any specific action or knowledge on the part of Defendant Pavese outside of the allegation that Defendant Pavese witnessed inmate Kirkland and Plaintiff McGill fighting on July 10, 2017 (Paragraph 35), Plaintiff has not sufficiently pled that Defendant Pavese in any way acted outside the scope of his employment as a correctional officer. Accordingly, Plaintiff has failed to plead a cause of action

pursuant to the Intracorporate Conspiracy Doctrine and Counts V and VI must be dismissed.

**H. Plaintiff Antonio Kirkland, Jr. lacks standing to bring any claims on behalf of the Estate of Antonio Kirkland and any claim brought by Plaintiff Kirkland must be dismissed accordingly.**

Paragraph 8 of the Amended Complaint summarily asserts that Antonio Kirkland, Jr. is the Personal Representative of the Estate of Antonio Kirkland. However, the rest of the Amended Complaint is silent as to any facts regarding the existence of any such Estate. It should be noted that Paragraph 8 of the Original Complaint indicates that Amber Kirkland was the Personal Representative for the Estate of Antonio Kirkland when that Complaint was filed on July 6, 2021.

Both the Original and Amended Complaints fail to explicitly allege that either Amber Kirkland or Antonio Kirkland, Jr. were properly appointed as personal representative of the Estate of Antonio Kirkland, or that such an estate has even been opened. Under the Florida Wrongful Death Act, only a personal representative has standing to pursue this claim:

> "The action shall be brought by the decedent's personal representative, who shall recover for the benefit of the decedent's survivors and estate all damages, as specified in this act, caused by the injury resulting in death."
> *768.20, Florida Statutes*.

See also *Cunningham v. State Dep't of Children & Families*, 782 So. 2d 913, 915 (Fla. 1st DCA 2001).

Similarly, a decedent's personal representative is the only person with standing to pursue a 42 U.S.C. § 1983 action regarding a constitutional violation causing the death of the decedent. *See Wagner, Vaughan, McLaughlin & Brennan, P.A. v. Kennedy Law Group*, 64 So. 3d 1187, 1191 (Fla. 2011) ("[T]he personal representative is the only party with standing to bring a wrongful death action to recover damages for the benefit of the decedent's survivors and the estate.")); *see also Wiggins v. Estate of Wright*, 850 So. 2d 444, 446 (Fla. 2003) ("[B]y statute, the personal representative is the only party with standing to bring a wrongful death suit on behalf of the estate and the survivors.") It has been held that "a section 1983 cause of action is entirely personal to the direct victim of the alleged constitutional tort and only the purported victim, or his estate's representative(s), may prosecute a section 1983 claim …" *Id.* (citing *Christie v. Lee Cty. Sheriff's Office*, 2011 U.S. Dist. LEXIS 110873, 2011 WL 4501953, 2 (M.D. Fla. Sept. 28, 2011) (internal quotations omitted)).

Antonio Kirkland's death, according to Paragraph 17 of the Amended Complaint, occurred on July 10, 2017, more than four years before the Amended Complaint was filed, giving Plaintiffs sufficient time to properly open an estate. The undersigned counsel has conducted a preliminary search of statewide records and has found no probate record pertaining to any estate for Antonio Kirkland or any

court document appointing either Amber Kirkland or Antonio Kirkland, Jr. as the Personal Representative for that estate.

If Antonio Kirkland, Jr. is not the properly appointed Personal Representative for the estate of Antonio Kirkland, he lacks standing to pursue any claims on behalf of the estate and Plaintiff Kirkland's Counts III, IV, V, VI, VII, and VIII of the Amended Complaint must be dismissed for a lack of standing.

WHEREFORE, Defendant PAUL A. PAVESE JR., respectfully requests this Court enter an Order dismissing Counts II, III, V, VI and VIII of Plaintiffs' Amended Complaint with prejudice.

Respectfully submitted,

*/s/ Thomas Buchan*
Thomas Buchan, Esq.
Florida Bar No. 1010923
Howell, Buchan & Strong
2898-6 Mahan Drive
Tallahassee, Florida 32308
Telephone:    (850) 877-7776
Email:         tom@jsh-pa.com
*Attorneys for Defendant, PAUL A.*
*PAVESE, JR.*

## LOCAL RULE 3.01(g) CERTIFICATION

I hereby certify that the movant has conferred with Plaintiffs' counsel of record on October 20, 2021, via email prior to filing this motion, but Plaintiffs' counsel has not responded.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record by CM/ECF this 20th day of October, 2021.

*/s/ Thomas Buchan*
Thomas Buchan