**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

ANTONIO KIRKLAND, JR., SANTOS McGILL,

     Plaintiffs,

v.                          Case No. 2:21-cv-562-JLB-NPM

MARK INCH in his Official Capacity; LT. HECTOR C. VELASQUEZ,
SGT. STEPHEN P. BUSIC, OFCR JAKAYE FULLER-WILCOX, PAUL
A. PAVESE, JR., in their individual capacities,

     Defendants.

_____

### Uniform Case Management Report

     The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

**1.  Date and Attendees**

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted the planning conference on 11/24/2021. JAMES V. COOK, THOMAS BUCHAN,  attended the conference.

**2.  Deadlines and Dates**

The parties request these deadlines and dates:

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 12/8/2021 |

| | |
|---|---|
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 1/24/2022 |
| Plaintiff's deadline for disclosing any expert report. *See* Fed. R. Civ. P. 26(a)(2). | 6/24/2022 |
| Defendant's deadline for disclosing any expert report. | 7/25/2022 |
| Deadline for disclosing any rebuttal expert report. | 8/23/2022 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 9/23/2022 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | Enter a date. |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 10/24/2022 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4.<br><br>Enter mediator's name, address, and phone number. | 10/14/2022 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 1/27/2023 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 2/8/2023 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 2/24/2023 |
| Month and year of the trial term. | 3/1/2023 |

The trial will last approximately 5 days and be

☒ jury.

☐ non-jury.

**3.   Description of the Action**

THIS IS A CASE UNDER 42 USC 1983 AND THE ADA RELATING TO THE DEATH OF AN INMATE AFTER A USE OF FORCE BY OFFICERS AT CHARLOTTE CORRECTIONAL

INSTITUTION. PLAINTIFF ALLEGES THE FORCE WAS EXCESSIVE AND THE FORCE INVOLVED A CONSPIRACY FOR A CRIMINAL PURPOSE WITH SUPERVISORY LIABILITY, LIABILITY FOR UNLAWFUL FORCE, FAILURE TO PROTECT, AND FAILURE TO INTERVENE, AND A FAILURE TO ACCOMMODATE UNDER THE ADA. PLAINTIFF CONTENDS THAT THE FORCE WAS EXCESSIVE AND CAUSED THE DEATH OR ALTERNATIVELY THAT THE FORCE WAS THE CAUSE OF PRE-DEATH DAMAGES NOT RELATED TO DEATH. PLAINTIFF ALSO ALLEGES A SECOND PERSON WAS SUBJECTED TO THE SAME UNLAWFUL FORCE WITH THE ATTENDANT COUNTS (EXCEPT FOR ADA), AS WELL AS FIRST AMENDMENT RETALIATION AND A CONSPIRACY UNDER 42 USC 1985(2).

DEFENDANTS CONTEND THAT THERE WAS NO FAILURE TO PROTECT, NO FIRST AMENDMENT RETALIATION, NO UNLAWFUL OR EXCESSIVE FORCE, NO DELIBERATE INDIFFERENCE, NO FAILURE TO INTERVENE, NO CONSPIRACY OF ANY KIND, NO FAILURE TO ACCOMMODATE ANY DISABILITY, NO VIOLATIONS OF THE ADA OR REHABILITATION ACT, AND NO BASIS FOR AN ACTION FOR PRE-DEATH DAMAGES.

## 4. Disclosure Statement

☒ The parties have filed their disclosure statement as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

## 5. Related Action

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

## 6. Consent to a Magistrate Judge

"A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).

The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason

can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

**7. Preliminary Pretrial Conference**

☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

**8.  Discovery Practice**

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒  The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

**9.  Discovery Plan**

The parties submit the following discovery plan under Rule 26(f)(2):

A.   The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

    ☒  Yes.
    ☐  No; instead, the parties agree to these changes: enter changes.

B.   Discovery may be needed on these subjects: list the subjects. Discovery will be needed as to video and audio recordings related to the Use of Force and records of the investigations of the Florida Department of Corrections and the Florida Department of Law Enforcement, including addenda, as well as the classification files of the two prisoners against whom force was used, the Dormitory Logs from the time frame of the matter sued upon, Daily Records of Special Housing, medical records, personnel records of the prison staff involved, including evaluation and corrective action documents, policy and training records, including training course materials, communications relating to the subject prisoners and the use of force and the alleged threats and intimidation, records relating to all claims and defenses, privilege logs, and, to the extent that defendants plan to rely on the limitations of their assets as a defense to punitive damages, financial disclosures.

C.   Discovery should be conducted in phases:

    ☐  No.
    ☒  Yes; describe the suggested phases. Asset disclosure, if appropriate, should be conducted late in the discovery process.

D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

☐ No.
☒ Yes; describe the issue(s). Electronic records should be produced in native format, if usable, or otherwise in standard format, such as .pdf. Records will be requested in the form they are maintained. Any special viewing software necessary for video or audio will be provided with the video or audio files. The parties will request and respond to discovery by e-mail and electronic record transfers to the extent possible.

E. ☒ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒ No.
☐ Yes; describe the stipulation.

## 10. Request for Special Handling

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

## 11. Certification of familiarity with the Local Rules

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

## 12. Signatures

_/s/ Thomas Buchan, Esq._
Thomas Buchan, Esq.

_/s/ James V. Cook_
James V. Cook, Esq.

6

Defendants Inch, Velasquez, Busic,
Fuller-Wilcox, Pavese
11/29/2021

Plaintiffs Kirkland, McGill

11/29/2021

_____
Add name of party or counsel
If counsel, add name of client
Add date of signature

*/s/ Cindy Myers*
Cindy Myers, Esq.
Plaintiffs Kirkland, McGill
11/29/2021

_____
Add name of party or counsel
If counsel, add name of client
Add date of signature

_____
Add name of party or counsel
If counsel, add name of client
Add date of signature