UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SANTOS MCGILL and ANTONIO
KIRKLAND, JR.,

        Plaintiffs,

v.                                                                                    Case No. 2:21-cv-562-JLB-NPM

MARK INCH,
HECTOR C. VELASQUEZ,
STEPHEN P. BUSIC,
JAKAYE FULLER-WILCOX and
PAUL A. PAVESE, JR.,

        Defendants.

## PROTECTIVE ORDER

Before the court is plaintiff Antonio Kirkland, Jr.'s unopposed motion for HIPAA-qualified protective order (Doc. 42). The parties submitted the proposed HIPAA-qualified protective order (Doc. 42-1) and request the court approve it. Upon review of the motion and proposed order, the court **GRANTS** the motion, as set forth below.

1. In accordance with the requirements of regulations promulgated under the Health Insurance Portability and Accountability Act of 1996 (HIPAA), including 45 C.F.R. § 164.512(e)(1)(ii)(B) and § 164.512(e)(1)(v), the court hereby enters a

HIPAA Qualified Protective Order, as that term is defined in the foregoing regulations.

2. For purposes of this Order, the term Protected Health Information (PHI) shall have the same scope and definition as set forth in 45 C.F.R. § 160.103 and 164.501. Protected health information includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of health care to an individual, or (c) the payment for the provision of health care to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

3. All "covered entities," as defined by 45 C.F.R. § 160.103, and all health care providers involved with health care of any FDC prisoner, including private entities and their employees, and providing healthcare services to Florida inmates, and including corrections staff who make and keep prison records dealing with injury or illness or non-hospital care in the course of reporting on prison security operations, are hereby authorized to disclose PHI included in those records without redaction. Such persons or entities may disclose such PHI to counsel for parties to this action (including their agents and employees) without violating the provisions of HIPAA. Before disclosing documents with PHI, a party shall mark any file

containing PHI information with the following: "Protected Health Information Subject to HIPAA Qualified Protective Order."

4. All parties and their attorneys (including the agents and employees of the parties and their attorneys) are hereby authorized through discovery in this case to receive, subpoena, and transmit PHI pertaining to any current or former FDC prisoner. The parties may not assert a discovery objection based on the fact that the documents or information sought contain PHI protected by HIPAA, unless the PHI falls outside the scope of this Order.

5. Pursuant to 45 C.F.R. § 164.512(e)(1)(v)(A), the parties and their attorneys shall be allowed to use or disclose PHI for this litigation, and any appeals, settlement, enforcement, or monitoring that may result. This includes disclosure to the presiding Judge and the Judge's support staff, the parties and the parties' employees, their attorneys of record, the attorneys' firms (i.e., attorneys and support staff), the parties' insurers, experts, consultants, mediators, court reporters, videographers, and copy services. The parties may also disclose to a current or former prisoner his or her own PHI. The named Plaintiffs and their attorneys, and agents working at their direction, may discuss the PHI of other named Plaintiffs to the extent necessary to jointly represent their interests and the interests of the putative class. The parties and their attorneys may not use the PHI for any other purpose.

6. If a party wishes to file PHI with the court, it must be submitted with a motion for filing under seal. However, any party may file a pleading or document with the court that describes, summarizes, quotes, or contains PHI as long as information identifying the PHI subject is redacted with an unredacted copy to the opposing parties. Un-redacted documents containing PHI should be so identified and, if filed with the court, be submitted with a motion to seal. If a party moves a record containing PHI into evidence as part of the record, the court shall appropriately instruct the clerk on how to handle such documents.

7. Prior to disclosing PHI to persons involved in this action, the parties and their attorneys shall take reasonable steps to ensure that such persons do not use or disclose the PHI for any purpose other than this litigation. This shall include, but not be limited to, informing each such person that the PHI may not be used or disclosed for any purpose other than this litigation.

8. Pursuant to 45 C.F.R. § 164.512(e)(1)(v)(B), within 60 days from the conclusion of these proceedings, any recipient of PHI under this Order shall either return the PHI to the covered entity that provided it or destroy the PHI (including all copies made). For purposes of this Order, the conclusion of these proceedings shall mean the point at which this litigation is fully concluded, including by settlement or final order by the trial court ending the case, the conclusion of any appeals and proceedings on remand, the expiration of time for any party to seek further appellate

review, or whenever a period of enforcement, determined by a settlement agreement or court order, terminates.

9. This Order does not control or limit the use of PHI that was received by means other than through this Order (for example, through consent of the individual or through a public records request).

10. If any party learns that, by inadvertence or otherwise, PHI has been disclosed to any person or in any circumstance not authorized under this Order, the party must, not later than 14 calendar days after learning of the disclosure, (a) notify in writing the other parties of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Health Information; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order.

**ORDERED** in Fort Myers, Florida, on January 21, 2022.

_Nicholas P. Mizell_
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE