UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

ANTONIO KIRKLAND, JR.,
as Personal Representative for
the ESTATE OF ANTONIO
KIRKLAND, on behalf of the Estate
and Survivors Amber Kirkland,
Antonio Kirkland, Jr., Antavious Kirkland,
and SANTOS McGILL,

    Plaintiffs,

v.                                                         Case No. 2:21-cv-562-JLB-NPM

RICKY DIXON, in his Official Capacity; LT.
HECTOR C. VELASQUEZ, SGT. STEPHEN P.
BUSIC, OFFICER JAKAYE FULLER-WILCOX,
PAUL A. PAVESE, JR., in their individual
capacities,

    Defendants.
_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendants RICKY DIXON, HECTOR C. VELAZQUEZ, STEPHEN P. BUSIC, JAKAYE FULLER-WILCOX, and PAUL A. PAVESE hereby responds to Plaintiffs' Second Amended Complaint [Doc. 49] and states as follows:

### Introduction

Denied.

1

## Jurisdiction and Venue

1. Admitted for purposes of jurisdiction only, otherwise denied.

2. Admitted for purposes of jurisdiction only, otherwise denied.

3. Admitted the cited statutes speak for themselves, otherwise denied to their applicability.

4. Admitted for the purposes of venue only, otherwise denied.

5. Without knowledge and therefore denied.

## Parties

6. Without knowledge and therefore denied.

7. Admitted.

8. Admitted that Defendant Dixon leads a state agency charged with operating Florida prisons and the custody of prisoners. Denied that he is sued under the ADA and Rehabilitation Act, as that is not one of the causes of action listed in the Second Amended Complaint.

9. Admitted.

10. Admitted.

11. Denied that Defendant Fuller-Wilcox was a trainee at the times material to this case, otherwise admitted.

12. Admitted.

13. Admitted that Defendants acted under the color of law; denied that they acted outside the course and scope of employment to pursue private or criminal purposes.

**Common Allegations of Fact**

14. Admitted.

15. Without knowledge and therefore denied.

16. Without knowledge and therefore denied.

17. Without knowledge and therefore denied.

**A. "Gladiator School" Session in Administrative Segregation Dorm A**

18. Denied

19. Denied that "Charlotte Correctional Institution was a particularly brutal camp;" otherwise without knowledge and therefore denied.

20. Denied.

21. Denied.

22. Without knowledge, therefore denied.

23. Denied.

24. Denied.

25. Denied.

26. Without knowledge, therefore denied.

27. Denied.

3

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Without knowledge, therefore denied.

34. Without knowledge, therefore denied.

**B. Corrections Staff Saturate the Cell with "Sabre Red" Pepper Spray**

35. Denied.

36. Admitted in that a cell extraction team can enter cells in formation behind a plexiglass shield. Without knowledge in the precise time it would take a cell extraction team to assemble, which varies on a case by case basis, and therefore denied.

37. Admitted that in a controlled use of force, officers will review the Form DC4-650B, *Risk Assessment for the Use of Chemical Restraint Agents and Electronic Immobilization Devices*, prior to the application of chemical agents and that a camera operator will commence recording all reactionary use of force incident upon arrival at the scene as soon as possible. Otherwise denied.

38. Denied.

39. Admitted that Defendants used approximately four applications of "Sabre Red" chemical agent directed at inmate Kirkland, otherwise without knowledge and therefore denied.

40. Without knowledge and therefore denied.

41. Admitted that, according to the FDC Use of Force procedure that was effective at the time of the incident, an application of chemical agent for inmates under controlled conditions is three one-second bursts. Admitted that officers used approximately four MK-4 (3.0 oz) containers of chemical agent to restraint Plaintiff Kirkland. Otherwise denied.

42. Admitted that Defendant Pavese applied one application of chemical agent after inmate Kirkland failed to obey the verbal orders to stop fighting and Defendant Fuller-Wilcox then also applied one application of chemical agent after inmate Kirkland failed to obey the verbal orders to stop fighting. Otherwise denied.

43. Admitted that Defendant Busic applied one application of Sabre Red chemical agent and after inmate Kirkland still refused to obey the verbal orders to stop fighting, Defendant Busic applied another application of chemical agent. Otherwise denied.

44. Without knowledge and therefore denied.

45. Admitted that Defendants did not attempt to summon mental health providers to the cell, otherwise denied.

46. Without knowledge, and therefore denied.

47. Denied.

48. Admitted that the Defendants repeatedly ordered the inmates to stop fighting, otherwise denied that Defendants were only going "through the motions."

49. Admitted that approximately 33 minutes before medical personnel arrived. Admitted that officers gave commands to stop fighting, otherwise denied that officers were simply "yelling or spraying gas."

50. Without knowledge, therefore denied.

51. Denied.

52. Admitted that Major Morales, who was the acting colonel at the time, responded to the scene after the disturbance began. Otherwise denied.

53. Denied.

54. Without knowledge, and therefore denied.

55. Admitted that the officers took Plaintiff McGill to the decontamination shower, otherwise denied.

56. Admitted that Kirkland fell off the stretcher, otherwise without knowledge and therefore denied.

57. Admitted.

58. Denied.

59. Denied.

60. Denied.

61. Admitted the cited statute exists, otherwise denied as to its applicability.

62. Denied.

**C. Aftermath of the Death of Antonio Kirkland**

63. Denied.

64. Denied.

65. Denied.

66. Denied.

**D. Retaliation Followed Inmate McGill through a Series of Camps**

67. Admitted.

68. Admitted or denied as follows:

    a. Admitted that Plaintiff McGill was transferred from Charlotte C.I. to Taylor C.I. and was "in transit" at South Florida Reception Center. Otherwise denied.

    b. Admitted that Plaintiff McGill was transferred from Charlotte C.I. to Taylor C.I. and was "in transit" at Central Florida Reception Center. Otherwise denied.

c. Admitted that Plaintiff McGill was transferred from Charlotte C.I. to Taylor C.I. and was "in transit" at the Reception and Medical Center. Otherwise denied.

d. Admitted.

e. Admitted.

f. Admitted.

69. Without knowledge, therefore denied.

70. Without knowledge, therefore denied.

71. Denied.

72. Without knowledge, and therefore denied.

73. Admitted that Plaintiff McGill was transferred to Columbia Annex on August 25, 2017. Otherwise without knowledge and therefore denied.

74. Denied.

75. Denied.

76. Admitted that Plaintiff McGill was involved in a reactionary use of force at Columbia Annex in which Plaintiff McGill struck multiple officers, bit one officer on the arm, and resulted in the application of chemical agent. Otherwise denied.

77. Without knowledge, therefore denied.

78. Without knowledge, therefore denied.

79. Without knowledge, therefore denied.

80. Admitted that Plaintiff McGill was transferred to Suwannee Correctional Institution on May 28, 2021; otherwise denied.

**E. Florida's History of Inmate Deaths**

81. Without knowledge, therefore denied.

82. Without knowledge, therefore denied.

83. Without knowledge, therefore denied.

84. Without knowledge, therefore denied.

85. Without knowledge, therefore denied.

86. Admitted that Plaintiff Kirkland's death was classified as "accidental," otherwise denied.

87. Without knowledge, therefore denied.

88. Without knowledge, therefore denied.

89. Without knowledge, therefore denied.

90. Without knowledge, therefore denied.

91. Without knowledge, therefore denied.

92. Denied

　　a. Denied.

　　b. Denied.

　　c. Denied.

d. Denied.

   e. Denied.

   f. Denied.

   g. Denied.

   h. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

   a. Denied.

   b. Denied.

   c. Denied.

   d. Denied.

   e. Denied.

   f. Denied.

100. Denied.

101. Denied.

## Causes of Action

**I. 42 U.S.C. § 1983 Failure to Protect (Ricky Dixon, Injunctive Relief)**

102. Admitted, denied, or without knowledge as stated in the Common Allegations section, paragraphs 14 through 101.

103. Denied.

    a. Denied.

    b. Denied.

    c. Denied.

    d. Denied.

    e. Denied.

    f. Denied.

    g. Denied.

104. Admitted Secretary Dixon is responsible for carrying out the duties and responsibilities of his position, otherwise denied.

105. Denied.

106. Denied.

107. Denied.

**II. 42 U.S.C. § 1983 Failure to Protect (Velasquez, Busic, Fuller, and Pavese, for Compensatory and Punitive Damages)**

108. Admitted, denied, or without knowledge as stated in the Common Allegations section, paragraphs 14 through 101.

109. Denied.

110. Denied.

    a. Denied.

    b. Denied.

    c. Denied.

    d. Denied.

111. Denied.

112. Denied.

### III.  42 U.S.C. § 1983: Excessive Use of Force/Failure to Intervene (Velasquez, Busic, Fuller-Wilcox, and Pavese)

113. Admitted, denied, or without knowledge as stated in the Common Allegations section, paragraphs 14 through 101.

114. Denied.

115. Denied.

    a. Denied.

    b. Denied.

    c. Denied.

    d. Denied.

    e. Denied.

116. Denied.

117. Denied.

**IV.  42 U.S.C. § 1983: Deliberate Indifference (Velasquez)**

118. Admitted, denied, or without knowledge as stated in the Common Allegations section, paragraphs 14 through 101.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

**V.  Conspiracy under 42 U.S.C. 1983 to Violate the Eighth Amendment (Velasquez, Busic, Fuller-Wilcox, Pavese)**

125. Admitted, denied, or without knowledge as stated in the Common Allegations section, paragraphs 14 through 101.

126. Denied.

127. Denied.

128. Denied.

129. Denied.

130. Denied.

131. Denied.

132. Denied.

133. Denied.

134. Denied.

## VI. Action for Pre-Death Damages under Florida Survival Statute

135. Admitted, denied, or without knowledge as stated in the Common Allegations section, paragraphs 14 through 101.

136. Denied.

137. Denied.

138. Denied.

# AFFIRMATIVE DEFENSES

1. Plaintiffs' Second Amended Complaint and every cause of action therein failed to state a claim upon which relief may be granted.

2. Plaintiffs' Amended Complaint as filed contains mere statements of opinion and conclusions, unsupported by specific facts, and as such the Complaint fails to state a cause of action for which relief can be granted.

3. Plaintiffs allege that they suffered damages by reason of Defendants' conduct; Defendants assert the right of offset if any amount of money is owed to either Plaintiff by another party as a result of the conduct alleged.

4. Plaintiffs have failed to mitigate and lessen damages, if they sustained any, as required by law, and are barred from recovery by reason thereof against Defendants.

5. If Plaintiffs have mitigated their own alleged damages, Defendants are entitled to an offset for this amount.

6. Any judgment for the Plaintiffs against the Defendants is limited pursuant to Chapter 768, Florida Statutes.

7. To the extent Defendants were acting within the scope of their employment with the Florida Department of Corrections, Defendants are entitled to qualified immunity.

8. People or entities other than these Defendants caused or contributed to the damages Plaintiffs claim to have suffered. Therefore, any award made in favor of the Plaintiffs in this case must be reduced by an amount equal to the percentage of the fault of others in causing or contributing to the damages as alleged in the Complaint.

9. To the extent that either Plaintiff suffered injury as a result of the actions from himself or some third party and/or conditions not under the control of Defendants, Plaintiffs are barred from recovery, in whole or in part, against Defendants with respect to such injuries.

10. To the extent some or all of Plaintiffs' claims are barred by the applicable statutes of limitation and/or are otherwise barred or preempted, Plaintiffs are not entitled to recover with respect to such claims.

11. Defendants cannot be held to be a part of a conspiracy or co-conspiracies as they were employees acting within the scope of their employment with Defendant, Florida Department of Corrections, and therefore cannot be found to be conspirators under the intra-corporate doctrine as all actions were taken on behalf of the same entity or corporate form.

12. Any damages and/or injuries in the nature of emotional harm sustained by Plaintiffs were not caused by any action or inaction by Defendants.

13. Plaintiffs are unable to establish a prima facie case for any of the pled causes of action.

14. Because the Amended Complaint only alleges conclusions of fact and law, the answering Defendants cannot fully anticipate all affirmative defenses and reserve the right to add additional affirmative defenses as discovery proceeds or additional pleadings are filed.

15. Plaintiffs have failed to exhaust all administrative remedies prior to filing this suit.

Wherefore, Defendants demand judgment in their favor and against the Plaintiffs, plus costs and reasonable attorney fees, and any further relief this Court deems proper.

Respectfully submitted,

/s/ *Thomas Buchan*
Thomas Buchan
Florida Bar No. 1010923
Howell, Buchan & Strong
2898-6 Mahan Drive
Tallahassee, Florida 32308
Telephone: (850) 877-7776
Email: Tom@jsh-pa.com
*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing was served via electronic mail to James V. Cook, Law Office of James Cook, 314 West Jefferson Street, Tallahassee, Florida 32301, at cookjv@gmail.com, this 21st day of February, 2022.

/s/ *Thomas Buchan*
Thomas Buchan