UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| ANTONIO KIRKLAND, JR., *et ano.*, <br><br> Plaintiffs, <br><br> v. <br><br> RICKY DIXON, *et al.*, <br><br> Defendants. | Case No. 2:21-cv-562-JLB-NPM |

**JOINT MOTION TO AMEND SCHEDULING
ORDER TO PERMIT DISCOVERY UNDER RULE 56(d)
AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Rules 16(b)(4) and 56(d) and the Court's inherent power, the parties jointly file this motion to respectfully request that the Court (1) allow Plaintiffs 45 days from the entry of an order to obtain the narrow discovery requested in their Motion Pursuant to Rule 56(d) (the "Rule 56(d) Motion") (D.E. 91, 91-1 ¶ 30), as set forth in detail herein, and (2) to adjust the operative Amended Case Management and Scheduling Order (D.E. 65) to permit the completion of such discovery and further briefing in support of or response to the parties' respective already-filed summary judgment papers.

Although Defendants have opposed the relief requested in the Rule 56(d) Motion, and refute that sanctions are warranted, in an effort to resolve that motion and to ensure that the parties can fairly present their issues to the Court to adjudicate

Defendants' Motion for Summary Judgment (D.E. 77), the parties—after extensive conferral efforts—believe that this relief is appropriate and justified.

The parties also respectfully request that if the Court denies this motion, Defendants have an opportunity to fully respond to Plaintiffs' Rule 56(d) Motion. If this motion is granted—which would in effect grant the relief Plaintiffs seek in their Rule 56(d) Motion—the parties would ask that the Court deny the Rule 56(d) Motion as moot, including Plaintiffs' request for sanctions.

As grounds, the parties state:

1. Plaintiffs allege a series of events at Charlotte Correctional Institution that culminated in the death of Antonio Kirkland, Sr., as well as retaliation against Plaintiff Santos McGill that followed Mr. Kirkland's death. (*See, generally*, D.E. 49).

2. Plaintiffs have asserted that certain positions taken by Defendants in their summary judgment motion could not be fully rebutted due to evidence that was produced late in the case or that was not sufficiently unredacted, among other things. Based on some of the evidence produced, Plaintiffs have identified several areas of further inquiry to respond to Defendants' motion for summary judgment, which is detailed further in Plaintiffs' Rule 56(d) Motion and accompanying declaration. (D.E. 91, 91-1).

3. Given Plaintiffs' assertions, in a good-faith effort to resolve the Rule 56(d) Motion, the parties request that the Court modify the scheduling order as follows:

| DEADLINE | DATE |
|---|---|
| • Plaintiffs to complete (a) second deposition of Officer Velasquez, (b) depositions of Officers Rosario, Dischiavo, Loar, and McAllister, and (c) any Rule 30(b)(6) depositions on cellmate compatibility.<br><br>• Defendants to produce (x) unredacted Management Information Notification System documents either to Plaintiffs or for *in camera* review, (y) use of force videos for Plaintiff Santos McGill and (z) all recorded drug tests. | 45 days from order granting joint motion |
| Deadline for Plaintiffs to supplement their Motion for Summary Judgment as to Defendants' Affirmative Defenses (D.E. 79) and Response to Defendants' Motion for Summary Judgment (D.E. 87) | 75 days |
| Deadline for Defendants to supplement their Reply in support of their Motion for Summary Judgment (D.E. 92) and Response to Plaintiff's Motion for Summary Judgment (D.E. 85) | 90 days |
| Final Pretrial Meeting | 180 days |
| Motions in Limine | 190 days |
| Joint Final Pretrial Statement, Proposed Jury Instructions and Verdict Form | 200 days |
| Final Pretrial Conference | 205 days |
| Monthly Trial Term | 215 days |

## MEMORANDUM OF LAW

Under Rule 16, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause standard "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Harris v. Reverse Mortg. Solutions, Inc.*, 800 Fed. Appx. 708, 711 (11th Cir. 2020) (citing *Sosa v. Airprint Sys., Inc.*, 13 F.3d 1417, 1418 (11th Cir. 1998) (quotations omitted). The recent disclosure of documents and the information they have presented that needs to be fully explored, justifies this minor modification to the trial schedule.[1]

Rule 16 of the Federal Rules of Civil procedure grants district courts the power to police their dockets, including the imposition of deadlines. *Mingo v. Sugar Cane Growers Co-Op of Florida*, 864 F.2d 101, 102 (11th Cir. 1989). If litigants diligently pursue their rights but for reasons other than their own negligence are unable to meet scheduling order deadlines, the court should exercise its discretion and modify its scheduling order. *Payne v. Ryder Systems*, 173 F.R.D. 537, 539 (M.D. Fla. 1997).

Accordingly, because the parties here have acted diligently in pursuing their rights and because justice requires that the matters presented to the Court on summary judgment are full and fairly explored, good cause exists to grant this joint motion.

---

[1] The proposed modification would set trial for early September 2023 instead of June.

## CONCLUSION

For the foregoing reasons, the parties respectfully request that the Court (1) grant this joint motion, (2) deny Plaintiffs' Rule 56(d) Motion and request for sanctions as moot, and (3) enter an order amending the scheduling order as set forth in the table above to permit limited discovery and additional briefing under Rule 56(d). Should the Court deny this motion, the parties respectfully request that Defendants have an opportunity to fully respond to Plaintiffs' Rule 56(d) Motion.

Dated: January 30, 2023.

Respectfully submitted,

| | |
|---|---|
| LAW OFFICE OF JAMES COOK | HOWELL, BUCHAN & STRONG |
| By: /s/ James V. Cook<br>James V. Cook (FBN 0966843)<br>314 W. Jefferson Street<br>Tallahassee, Florida 32301<br>Tel. (850) 222-8080<br>Fax (850) 561-0836<br>cookjv@gmail.com | By: /s/ Thomas Buchan*<br>Thomas Buchan (FBN 1010923)<br>2898-6 Mahan Drive<br>Tallahassee, Florida 32308<br>Tel. (850) 877-7776<br>tom@jsh-pa.com<br><br>*Counsel for Defendants* |

-and-

SLATER LEGAL PLLC

By: /s/ James Slater
James M. Slater (FBN 111779)
113 S. Monroe Street
Tallahassee, Florida 32301
Tel. (305) 523-9023
james@slater.legal

*Counsel for Plaintiff*

*Signed by James Slater with Thomas Buchan's permission.