UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANTONIO KIRKLAND, JR., *et ano.*,

    Plaintiffs,

v.

RICKY DIXON, *et al.*,

    Defendants.

Case No. 2:21-cv-562-JLB-NPM

**PLAINTIFFS'** *UNOPPOSED* **MOTION TO EXTEND
DISCOVERY DEADLINE AS TO MATTERS PERTAINING
TO SUBPOENA DIRECTED TO FAUSTO ROSARIO AND
FOR LEAVE TO EFFETUATE SERVICE BY ALTERNATIVE MEANS**

    Pursuant to Rules 16(b)(4) and 45, Plaintiffs file this motion to respectfully request that the Court extend the discovery deadline as to the deposition of Mr. Rosario only through April 21, 2023, and permit Plaintiffs to use alternative means of service. Mr. Rosario has been actively evading service in this case and has misled Plaintiffs' process servers as to his whereabouts. On March 27, 2023, the parties convened at the time of Mr. Rosario's scheduled deposition and made a record, which is attached as **Exhibit A**.

    As grounds for the relief requested, Plaintiffs state:

    1.    Plaintiffs allege a series of events at Charlotte Correctional Institution that culminated in the death of Antonio Kirkland, Sr., as well as retaliation against Plaintiff Santos McGill that followed Mr. Kirkland's death. (*See, generally*, D.E. 49).

2. After Plaintiffs sought relief under Rule 56(d) [D.E. 91], the parties jointly requested additional time to conduct discovery. [D.E. 95].

3. The Court granted the joint motion and extended the discovery deadline to March 31, 2023—this Friday. [D.E. 97].

4. The parties have worked together to timely complete discovery and discovery matters have been nearly completed. One matter that remains outstanding is the deposition of Mr. Rosario.

5. Mr. Rosario—then a correctional officer at Charlotte Correctional Institution—is a percipient witness to the events that precipitated Mr. Kirkland, Sr.'s death.

6. Given this, Plaintiffs sought his deposition from defendants, but learned that he left employment with the Florida Department of Corrections in 2017.

7. On March 8, 2023, Plaintiffs issued a subpoena for Mr. Rosario's deposition for March 27, 2023 at 10 am. *See* Ex. 1 to Mar. 27, 2023 Transcript, attached as **Exhibit B**.

8. On March 11, Plaintiffs' process server attempted to serve Mr. Rosario at his home in Lady Lake, Florida. *See. Id.*

9. The process server was told that Mr. Rosario was not home at the time. *See id.*

10. The process server then called Mr. Rosario, who told her that he was divorcing his wife and had moved back to Fort Myers, Florida. *See* Ex. 2 to Mar. 27, 2023 Transcript, attached as **Exhibit C**.

11. Taking Mr. Rosario at his word, Plaintiffs expended resources attempting to serve Mr. Rosario in Fort Myers, Florida, only to learn from the property manager that Mr. Rosario had not lived at that address for several years. *See* Ex. 1.

12. Upon further investigation, Plaintiffs learned just before the scheduled deposition date that Mr. Rosario continued to live in or around Lady Lake, Florida, and was a deputy sheriff with the Sumter County Sheriff's Office. *See See* Ex. 3 to Mar. 27, 2023 Transcript, attached as **Exhibit D**; *see also* Ex. 1.

13. Plaintiffs attempted to serve Mr. Rosario at the sheriff's office but had not successfully done so before Mr. Rosario's scheduled deposition. *See* Ex. D.

14. Given that Mr. Rosario is an important witness in this case—he was present during critical events starting on July 3, 2017 [D.E. 91 PageID 1520]—and that the record reflects he is actively evading service, Plaintiffs respectfully request extend the discovery period as to his deposition and ancillary matters to ensure compliance with the Court's instructions. Plaintiffs would also ask permission to serve Mr. Rosario by alternative means in the event they cannot personally serve him at the Sumter County Sheriff's Office.

## MEMORANDUM OF LAW

Under Rule 16, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause standard "precludes modification unless the schedule cannot be met despite the diligence of

the party seeking the extension." *Harris v. Reverse Mortg. Solutions, Inc.*, 800 Fed. Appx. 708, 711 (11th Cir. 2020) (citing *Sosa v. Airprint Sys., Inc.*, 13 F.3d 1417, 1418 (11th Cir. 1998) (quotations omitted). Rule 16 of the Federal Rules of Civil procedure grants district courts the power to police their dockets, including the imposition of deadlines. *Mingo v. Sugar Cane Growers Co-Op of Florida*, 864 F.2d 101, 102 (11th Cir. 1989). If litigants diligently pursue their rights but for reasons other than their own negligence are unable to meet scheduling order deadlines, the court should exercise its discretion and modify its scheduling order. *Payne v. Ryder Systems*, 173 F.R.D. 537, 539 (M.D. Fla. 1997).

  Federal Rule of Civil Procedure 45 provides that a subpoena must be served by "delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1). Courts disagree concerning whether "delivery" of a subpoena under Rule 45 requires personal delivery. *Compare Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F. Supp. 2d 332, 361 (D.D.C. 2011) (construing Rule 45(b) to require personal delivery of the subpoena), *with Reiterman v. Abid*, No. 8:19-cv-2282-T-02AAS, 2019 WL 6114945, at *1 (M.D. Fla. Nov. 18, 2019) ("While personal service typically occurs, courts do not require personal service but require service reasonably calculated to ensure receipt of the subpoena by the witness."), *and Codrington v. Anheuser-Busch, Inc.*, No. 98-2417-civ-T-26F, 1999 WL 1043861, at *1 (M.D. Fla. Oct. 15, 1999) ("[T]he Court finds that nothing in the plain language of the Rule requires personal service.").

District courts in the Eleventh Circuit have concluded that personal service of a subpoena is not required by Rule 45. Rather, service of a subpoena must be "reasonably calculated to ensure receipt of the subpoena by the witness." *TracFone Wireless, Inc. v. SCS Supply Chain LLC*, 330 F.R.D. 613, 616 (S.D. Fla. 2019); *see Diaz v. Chapters Health Sys., Inc.*, No. 8:18-cv-03052-T-36SPF, 2020 WL 203157, at *3 (M.D. Fla. Jan. 6, 2020) (finding that subpoenas could be served by Federal Express, in accordance with recent authority from district courts in the Eleventh Circuit). However, in an abundance of caution, Plaintiffs request that they be permitted to serve Mr. Rosario by alternative means, including email or via a text message attachment.

Because Mr. Rosario has not been served despite Plaintiffs' diligent efforts, and because he has actively evaded service by misleading Plaintiffs' process server as to his whereabouts, Plaintiffs request an additional three weeks, through April 21, 2023 to conduct Mr. Rosario's deposition. Plaintiffs believe that they will now be able to serve Mr. Rosario at the Sumter County Sheriff's Office, however, they must give him adequate notice to comply with Rule 45. For this reason, Plaintiffs would request additional time to serve and set Mr. Rosario's deposition, and permission to serve him by electronic means. Although the parties could stipulate to conduct Mr. Rosario's deposition out of time, given that he has already attempted to evade service in this matter, Plaintiffs would ask for the discovery deadline to be extended for this deposition only to enforce any remedies available under Rule 37 should Mr. Rosario fail to appear after service.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this motion and permit an extension through April 21, 2022 to conduct the deposition of Mr. Rosario and for leave to serve him by alternative means. Defendants do not oppose.

Dated: March 29, 2023.

                                              Respectfully submitted,

LAW OFFICE OF JAMES COOK

*/s/ James V. Cook*
James V. Cook (FBN 0966843)
314 W. Jefferson Street
Tallahassee, Florida 32301
Tel. (850) 222-8080
Fax (850) 561-0836
cookjv@gmail.com

       -and-

SLATER LEGAL PLLC

*/s/ James M. Slater*
James M. Slater (FBN 111779)
113 S. Monroe Street
Tallahassee, Florida 32301
james@slater.legal
Tel: (305) 523-9023

*Counsel for Plaintiffs*

6

## Certificate of Service

I hereby certify that on March 29, 2023, I electronically filed the foregoing document with the Clerk by using the CM/ECF system, which will serve a copy on all counsel of record.

By: <u>/s/ James M. Slater</u><br>James M. Slater

## Local Rule 3.01(g) Certification

I hereby certify that Plaintiff's counsel conferred with counsel for Defendants on March 27 and 29, 2023 via videoconference. Defendants do not oppose the relief sought herein.

By: <u>/s/ James M. Slater</u><br>James M. Slater